UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LURETHA O. BIVINS**                                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.: 1:18-CV-2-LG-RHW**

**MISSISSIPPI REGIONAL HOUSING
AUTHORITY VIII**
                                                                                                              **DEFENDANT**

## ANSWER AND DEFENSES TO COMPLAINT

COMES NOW Defendant MISSISSIPPI REGIONAL HOUSING AUTHORITY VIII, (hereinafter, "MRHA," or "Defendant") by and through counsel of record, hereby responds to the Complaint filed by Plaintiff LURETHA O. BIVINS (hereinafter, "Ms. Bivins," or "Plaintiff"), and would show unto the Court the following:

**I.      The Parties to This Complaint**

   **A.      The Plaintiff**

Defendant is without information sufficient to form a belief as to the allegations of this paragraph, and therefore denies same.

   **B.      The Defendant(s)**

Defendant admits that its address is as stated in this paragraph.

   **C.      Place of Employment**

Defendant admits that Plaintiff submitted her resume to be considered for the position of Compliance Specialist with Defendant, which is located at the address stated in this paragraph.

1

## II. Basis for Jurisdiction

Defendant admits that Plaintiff seeks to bring claims for race and age discrimination and retaliation against Defendant as indicated in this paragraph.

## III. Statement of Claim

A. With regard to the allegations of this paragraph, including the attachments labeled "FACT [sic] OF CASE: EMPLOYMENT DISCRIMINATION" and "STATEMENT OF CLAIM (EMPLOYMENT DISCRIMINATION)," Defendant admits the following:

1. Defendant admits that Plaintiff seeks to bring claims for race and age discrimination and retaliation against Defendant based on a theory that Defendant failed to hire her.

2. Defendant admits that Plaintiff filed a similar suit against Defendant, Civil Action No.1:13cv230 HSO-RHW.

3. Defendant admits that Plaintiff was not interviewed for the positions of Property Manager, Assisted Housing Specialist, Administrative Assistant and Compliance Specialist.

4. Defendant admits that since the conclusion of her previous suit against Defendant, Plaintiff submitted her resume for the position of Compliance Specialist via facsimile.

5. Defendant admits that it receives federal funding to administer housing vouchers.

6. Defendant admits that it never called Plaintiff for an interview.

7. Defendant admits that it informed the EEOC that Plaintiff applied only for the position of Compliance Specialist.

        8.      Defendant admits that it informed the EEOC that it received Plaintiff's resume on March 15, 2017.

        B.      Defendant is without information or knowledge sufficient to form a belief as to the following allegations and therefore denies same:

        1.      Plaintiff is an African American over the age of 50, earned a B.S. Degree in Business from the University of Mississippi.

        2.      Plaintiff has more than 25 years of property management/real estate experience and has worked with applicants who were clients of the Defendant.

        3.      Plaintiff submitted this information to EEOC.

        4.      Plaintiff has worked more than 25 years in property management.

        5.      Plaintiff has more than 25 years of experience in Property Management and Real Estate, and a B.S. Degree in Business.

        6.      Plaintiff worked with several clients of the Defendant seeking housing with government vouchers and is familiar with the duties of all the positions.

        C.      All other allegations contained in this paragraph and the attachments are specifically denied.

**IV.    Exhaustion of Federal Administrative Remedies**

        A.      Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") which was received by the EEOC on May 15, 2017. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies same.

B.     Defendant admits that the EEOC issued Plaintiff a Right to Sue letter which is dated October 6, 2017. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies same.

C.     Defendant admits that more than 60 days have elapsed since Plaintiff filed her charge of age discrimination with the EEOC. Defendant denies any remaining allegations of this paragraph.

**V.     Relief**

1.     With regard to this paragraph, including the attachment labeled "RELIEF (CONTINUED) EMPLOYMENT COMPLAINT," Defendant admits the following:

a.     Defendant admits that Plaintiff is seeking damages in the amounts stated for the claims alleged in Plaintiff's Complaint.

b.     Defendant admits that Plaintiff was not interviewed for any position specified in Plaintiff's Complaint.

2.     Defendant is without knowledge or information sufficient to form a belief as to the following allegations contained in this paragraph and the attachment and therefore denies same:

a.     Plaintiff is over the age of 50.

b.     Plaintiff has a degree in Business and several hours of Accounting.

c.     Plaintiff has worked for more than 25 years in Property Management and Real Estate.

3.     Defendant denies the remaining allegations of this paragraph and the attachment.

**VI.    Certifications and Closing**

Defendant acknowledges that Plaintiff purports to certify that this Complaint complies with Federal Rule of Civil Procedure 11; Defendant specifically denies that Plaintiff has done so. Defendant denies any remaining allegations contained in this paragraph.

Any allegations contained in Plaintiff's Complaint not specifically admitted herein are denied.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, or estoppel.

### THIRD DEFENSE

All actions taken in connection with Plaintiff's application for employment were taken on the basis of legitimate business considerations and without regard to the race, age, or prior protected activity of Plaintiff.

### FOURTH DEFENSE

Plaintiff failed to mitigate, in whole or in part, any alleged damage she claims to have suffered.

### FIFTH DEFENSE

Plaintiff failed to exhaust all administrative remedies.

### SIXTH DEFENSE

If Plaintiff has commenced or continued a bankruptcy proceeding since her claims allegedly accrued, the claims are the property of the estate, within the exclusive jurisdiction of

the Bankruptcy Court. If Plaintiff commenced or continued such a post-accrual proceeding without disclosing her claims for the benefit of her creditors, she is estopped to assert those claims in this forum.

### SEVENTH DEFENSE

To the extent that the conduct of which Plaintiff complains falls outside of the applicable statute of limitations, Plaintiff is not entitled to relief.

### EIGHTH DEFENSE

The decisions and/or actions challenged as discriminatory and/or retaliatory in the Complaint were taken and would have been taken even without regard to Plaintiff's age, race, or prior protected activity.

### NINTH DEFENSE

Defendant pleads the doctrine of unclean hands.

### TENTH DEFENSE

Defendant reserves the right to assert additional defenses and affirmative defenses which may be discovered during the course of this litigation.

### ELEVENTH DEFENSE

The amount of any compensatory or punitive damages award that Plaintiff might recover from Defendant is subject to the damages caps and limitations contained in 42 U.S.C. § 1981a.

### TWELFTH DEFENSE

Plaintiff's claims for punitive damages are unconstitutional under the excessive fines clause of the Eighth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's claims for punitive damages are further barred because the unlawful acts, if any, and omissions, if any, of Defendant, which are specifically denied, fail to

rise to the level required to sustain an award of punitive damages; are trivial and isolated; were not motivated by evil intent or discriminatory intent to do harm; do not evidence a malicious, known, oppressive or fraudulent intent to deny Plaintiff her protected rights or to discriminate against Plaintiff; and are not so wanton or willful as to support an award of punitive damages.

### THIRTEENTH DEFENSE

Defendant has not ratified, nor is responsible for, unlawful activities, if any, committed by its employees.

### FOURTEENTH DEFENSE

Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights.

### FIFTEENTH DEFENSE

Defendant avers that it neither acted nor relied upon impermissible factors or unlawful criteria in any of the actions concerning the Plaintiff.

### SIXTEENTH DEFENSE

Defendant is not liable for Plaintiff's claims.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages against the State or one of its governmental entities pursuant to Miss. Code Ann. § 11-46-15(2).

### EIGHTEENTH DEFENSE

Plaintiff's damages, if any, were caused by the acts and/or omissions of persons and/or entities for whom or which Defendant is not responsible, including Plaintiff.

**NINETEENTH DEFENSE**

Unless specifically admitted herein, Defendant denies each and every allegation of the Complaint and demands strict proof thereof, denies that it is liable to Plaintiff in any respect, and denies that Plaintiff is entitled to any relief whatsoever.

**TWENTIETH DEFENSE**

Plaintiff cannot prove a willful violation of the ADEA and, thus, is not entitled to liquidated damages.

**TWENTY-FIRST DEFENSE**

Defendant's actions were based upon reasonable factors other than age.

**TWENTY-SECOND DEFENSE**

Plaintiff's claim for liquidated damages is barred because Defendant's belief that any act or omission giving rise to such a claim was not in violation of the ADEA was not reckless and was in good faith.

**TWENTY-THIRD DEFENSE**

Defendant's decisions and/or actions were undertaken for legitimate, non-discriminatory, and non-pretextual reasons. Alternatively, and denying that this is a mixed motive case, Defendant's decisions and/or actions challenged as discriminatory were taken and would have been undertaken even without regard to Plaintiff's race, age, or any alleged protected activity of Plaintiff.

**TWENTY-FOURTH DEFENSE**

Defendant is entitled to sovereign immunity.

RESPECTFULLY SUBMITTED, this the 23rd of January, 2018.

MISSISSIPPI REGIONAL HOUSING AUTHORITY VIII

BY: s/ *Ashley Eley Cannady*
Ashley Eley Cannady MS#101253
Armin J. Moeller, Jr., MS#3399
Balch & Bingham LLP
188 E. Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com
acannady@balch.com

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Defendant has this day served a true and correct copy of the above and foregoing upon Luretha O. Bivins via U.S. Mail, addressed as follows:

Luretha O. Bivins
P. O. Box 9261
Moss Point, MS 39562-9261

This the 23rd of January, 2018.

s/ *Ashley Eley Cannady*
ASHLEY ELEY CANNADY

9