IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LURETHA O. BIVINS**                                                        **PLAINTIFF**

**v.**                                                    **CAUSE NO. 1:18CV2-LG-RHW**

**MISSISSIPPI REGIONAL HOUSING
AUTHORITY VIII**                                              **DEFENDANT**

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT
AND MOOTING MOTION FOR RULE 56(d) RELIEF**

BEFORE THE COURT is the [19] Motion for Summary Judgment filed by *pro se* Plaintiff Luretha Bivins, and Defendant Mississippi Regional Housing Authority VIII's [29] Motion for Rule 56(d) Relief. The Court finds that Bivins does not show she is entitled to summary judgment on her claims. As a consequence, it is not necessary to grant the defendant a period of time for discovery to respond to the Motion under Fed. R. Civ. P. 56(d).

DISCUSSION

Bivins filed this lawsuit contending that the Housing Authority discriminated against her on the basis of her age and race because it did not hire her for any one of the four positions she applied for in 2016 and 2017. She contends that "Defendant uses extreme measures to retaliate against Plaintiff even resorting to using those in the court, medical doctors and others to intentional[ly] cause harm to the Plaintiff. The intentional malice toward plaintiff has been so horrific that Plaintiff even feared returning to this building for fear of reprisal." (Compl. 5, ECF No. 1). Bivins has moved for summary judgment on the basis that the defendant has engaged in a fraud on the court by 1) listing a deceased person as a witness; 2)

forcing her to "pay large sums of money to doctors, court reporters, Mississippi Real estate Commission and even pay the Clerk of the Court (Gulfport, Mississippi Office) for his work;" and 3) "creating employment applications for court purposes." (Pl. Mot. 1, ECF No. 19).

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); *see also* Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503 (5th Cir. 2014).

The plaintiff here fails to meet her initial burden of showing the absence of a genuine issue of material fact. She appears to merely object to certain of the defendant's witnesses. She may also refer to the Court's award of $1698.25 in costs for similar, unsuccessful, claims she brought against the Housing Authority in

*Bivins v. Miss. Regional Housing Auth. VIII*, No. 1:13cv230-HSO-RHW (S.D. Miss. May 28, 2013) (*see* Order, Aug. 6, 2015, ECF No. 133).  However, none of these matters concern the facts at issue in this case.  Summary judgment is therefore unwarranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [19] Motion for Summary Judgment filed by *pro se* Plaintiff Luretha Bivins is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [29] Motion for Rule 56(d) Relief filed by Defendant Mississippi Regional Housing Authority VIII is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE