# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| LURETHA O. BIVINS | PLAINTIFF |
| v. | CAUSE NO. 1:18CV2-LG-RHW |
| MISSISSIPPI REGIONAL HOUSING AUTHORITY VIII | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## <u>GRANTING MOTION TO DISMISS</u>

BEFORE THE COURT are the [62] Motion to Dismiss and [67] Supplemental Motion to Dismiss filed by the defendant, Mississippi Regional Housing Authority VIII ("MRHA") and the [64] Motion for Hearing and [71] Motion to Compel filed by the pro se plaintiff, Luretha O. Bivins. Although each Motion has not been fully briefed, the time for doing so has passed. The Court has carefully considered the submissions of the parties, the record in this case, and the relevant law. It is the opinion of the Court that this lawsuit should be dismissed as a sanction under Fed. R. Civ. P. 37 for the plaintiff's continuing failure to fulfill her discovery obligations and to comply with the Court's Orders.

### BACKGROUND

Bivins filed this lawsuit pro se, contending that the Housing Authority discriminated against her on the basis of her age and race because it did not hire her for any one of the four positions she applied for in 2016 and 2017. She contends that "Defendant uses extreme measures to retaliate against Plaintiff even resorting to using those in the court, medical doctors and others to intential[ly] cause harm to the Plaintiff. The intentional malice toward plaintiff has been so horrific that

Plaintiff even feared returning to this building for fear of reprisal." (Compl. 5, ECF No. 1).

Bivins participated in the case management conference conducted by Magistrate Judge Walker on February 28, 2018. Two of the discovery provisions resulting from that conference were that Bivins was required to 1) "execute an appropriate, HIPAA-compliant medical authorization," and 2) submit to a Rule 35 medical examination. (Case Mgmt. Order 3, ECF No. 7.)

On four separate occasions, MRHA mailed a medical authorization form to Bivins and requested that she sign and return it. (ECF Nos. 56-1, at 31, 33; 56-3, at 2-4; 58-3, at 17, 22; 62-1, at 2-3.) When she did not respond, MRHA sought and obtained on order compelling Bivins to comply with her discovery obligations. The Court's Order, entered June 27, 2018, required Bivins to 1) provide the executed medical authorization form to MRHA on or before July 10, 2018; 2) submit to a Rule 35 medical examination; and 3) pay $100 in attorneys' fees on or before August 1, 2018 as a sanction. (Order, ECF No. 60.) Bivins was warned that she was subject to additional sanctions, up to and including dismissal of this case, if she continued to disregard her discovery obligations. (*Id*. at 1.)

When Bivins did not respond to the Court's June 27 Order, the MRHA sought and obtained another Order, on July 27, compelling Bivins to provide full responses to interrogatories and an executed medical authorization form. (Text Only Order Granting [58] Motion to Compel, July 27, 2018.) Bivins was required to comply on or before August 14, 2018. She did not do so.

The MRHA first moved for dismissal on July 11, 2018, citing Bivins' failure to comply with her discovery obligations and the Court's Orders. (Def. Mot. to Dism., ECF No. 62). MRHA also asserts that Bivins "has stopped serving her pleadings on MRHA VIII's counsel." (Def. Reply 2, ECF No. 72.) Bivins filed a document in response which asks for a conference with the trial judge, stating that she "recently received blank sheets of papers from Defendant and no information enclosed." (Pl. Mot. to Have Trial Judge Hold a Conference on the Record 1, ECF No. 64). In this document she makes a number of accusations, including that the law firm of Balch & Bingham LLP "befriended Judge Walker to have Plaintiff threatened and scolded in his chambers," that "motions appear on the docket from unknown origins in this court, the judge follows with a Motion to Compel." (*Id.* at 2.) Bivins states that she "will not bow to Judge Walker who acts in a posture as being above the law. This judge allowed a law firm to create documents so the Plaintiff would be charged and deterred from using the court." (*Id.*)

The MRHA filed its Supplemental Motion to Dismiss on August 16, 2018 when Bivins failed to comply with the Court's July 27, 2018 Order compelling her to provide discovery. (Def. Suppl. Mot. to Dism., ECF No. 67.) In addition to alleging that Bivins failed to comply with the Court's latest Order, this Motion recounts Bivins' failure to provide discovery throughout the life of the case. (*Id.* at 1-2.) Bivins filed a formal response in which she argues 1) she has fully complied with all discovery despite the Court's finding otherwise – "[d]efendant's claims of [Bivins' responses being] woefully inadequate is subject to personal beliefs;" 2) there was no

discussion of HIPAA during the case management conference; 3) she did not receive a copy of the motion to compel or a HIPAA medical release form; and 4) she is not aware of the motion to dismiss.  Additionally, Bivins accuses the Court of allowing the defendant "to create phony documents, hold a modern day lynching in Judge Walker's chamber.  The playing field will never be level in this lawsuit as long as Judge Walker continues as judge." (Pl. Resp. 1-2, ECF No. 70.)  She states that

> This Court has a history of being racist towards African Americans . . . . This plaintiff will always look unfavorably against Judge Walker who gets paid by taxpayers while allowing white attorneys to use his chambers [as] a lynching place against African Americans . . . . The court system is run like a cult . . . .  The deck is stacked against African Americans.

(*Id.* at 2-3.)

At the same time she filed the above response, Bivins also filed her [71] "Motion to Compel Defendant to Send Plaintiff Any and All Documents Pursuant a Dismissal For This Case."  She states she did not receive a copy of the motion to dismiss, and concludes with a statement that "Balch & Bingham does not win lawsuits, the law firm befriends judges who looks at race and allows the white attorneys to act in a corrupt manner." (Pl. Mot. to Compel 1-2, ECF No. 71.)  The MRHA responded that it was clear that Bivins had received the Motion to Dismiss, because she filed a document responding to it.  MRHA also provided evidence of mailing, consisting of the transmittal letter dated July 11, 2018; the metered envelope addressed priority mail to Bivins' address of record dated July 11; the receipt from the post office showing additional postage paid for two-day delivery;

and the tracking information showing delivery at Moss Point on July 13, 2018. (Def. Resp. Ex. A, ECF No. 73-1.)

DISCUSSION

The Court first addresses Bivins' assertions that she has not received documents that the MRHA files in this case, specifically, the [62] Motion to Dismiss. Rule 5 of the Federal Rules of Civil Procedure provides that service of a written motion is complete once it is placed in the mail, addressed to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C). Furthermore, "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Hagner v. United States*, 285 U.S. 427 (1932)).

The MRHA has provided evidence that it mailed a copy of the Motion to Dismiss to Bivins at her address of record. This is the extent of MRHA's responsibility to Bivins under Fed. R. Civ. P. 5, and it also creates a presumption that Bivins received the Motion. *See id.* (record contained a copy of the properly addressed letter, a certified mail receipt and signed return post cards). Bivins' mere assertions that she did not receive the Motion do not overcome the presumption that she did. The document she filed soon after the Motion indicates her awareness of the Motion's contents, further weakening her argument. The Court therefore finds that MRHA complied with its obligation to serve a copy of its Motion to Dismiss on Bivins.

The Court next considers MRHA's motions under Fed. R. Civ. P. 37(b). Rule 37(b)(2)(A) grants a court authority to sanction a party for failure to obey an order "to provide or permit discovery." Such sanctions "may include . . . dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." *Id*. Dismissal under this rule is committed to the district court's discretion. *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). The Fifth Circuit articulated the test for dismissal under Rule 37(b) in *Bluitt v. Arco Chemical Company*:

> dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

777 F.2d 188, 190-91 (5th Cir. 1985) (citations omitted).

A. Willfulness or Bad Faith

The record in this case contains a number of examples of Bivins' refusal to cooperate in discovery, despite being ordered to do so by the Court. A finding of willfulness or bad faith is justified when the record discloses "persistent refusal to respond to . . . discovery requests . . . and to comply with the orders of the district court." *Secs. & Exchange Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 666 (5th Cir. 1981). As is clear from the above recitation of events in this case, Bivins

has persistently refused to respond to MRHA's discovery requests and ignored multiple Court orders directing responses. Under these circumstances the Court concludes that the failure to comply with the Court's orders was willful or done in bad faith.

B. Effectiveness of Lesser Sanctions

"[D]ismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Bluitt*, 777 F.2d at 190. The Court employed lesser sanctions in the form of assessing costs for MRHA's attorney's fees, and it has warned Bivins that her failure to comply would result in additional sanctions to include dismissal. Nevertheless, the monetary sanction remains unpaid and Bivins continues to disregard the discovery orders at issue here. Under these circumstances, the Court concludes that the deterrent value of Rule 37 would not be substantially achieved by the use of less drastic sanctions.

C. Substantial Prejudice

MRHA does not explicitly set out the prejudice it has suffered by Bivins' failure to abide by the rules of procedure and this Court's Orders. It is nevertheless clear that by failing to make the full disclosures ordered by the Court or allow the defendant discovery of her medical records as ordered, Bivins has caused MRHA prejudice. *See Doe v. Am. Airlines*, 283 F. App'x 289, 292 (5th Cir. 2008) (failure to submit medical records prejudiced defendant). MRHA has had to seek Court intervention in its attempts to obtain the discovery it is entitled to and still has not received. Bivins' lack of cooperation has caused this case to languish on the Court's

docket for months without progress. Accordingly, the prejudice factor weighs in favor of dismissal.

D. Fault

Under *Bluitt*, "dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders." 777 F.2d at 190-91. Since Bivins is proceeding pro se, her non-compliance is plainly attributable only to her, and she is not exempt from compliance with the Court's orders or the rules of procedure. *See Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Bivins has been given clear and direct instructions on how to comply with the Court's orders and the rules of procedure. She does not claim a sincere misunderstanding, but has expressed her intention to not comply. The Court therefore finds that the fault factor also weighs in favor of dismissal.

E. Summary

In sum, the Court concludes that Bivins has willfully failed to comply with the Court's discovery orders and that lesser sanctions would not deter future non-compliance. The Court further concludes that MRHA has suffered substantial prejudice as a result of the non-compliance and that there are no mitigating factors which would preclude dismissal. Under these circumstances, MRHA's motion to dismiss will be granted pursuant to Rule 37(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendant's

[62] Motion to Dismiss and [67] Supplemental Motion to Dismiss are **GRANTED** pursuant to Fed. R. Civ. P. 37(b). Plaintiff's claims against the defendant are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that any remaining pending motion is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of November 2018.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge