# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019
Lyle W. Cayce
Clerk

LURETHA O. BIVINS,

    Plaintiff - Appellant

v.

MISSISSIPPI REGIONAL HOUSING AUTHORITY VIII,

    Defendant - Appellee

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CV-2

---

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Luretha O. Bivins filed suit alleging that the Mississippi Regional Housing Authority VIII ("MRHA") discriminated against her on the basis of her age and race because it did not hire her for any one of the four positions she applied for in 2016 and 2017. The district court dismissed Bivins's pro se

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 18-60855   Document: 00515003558   Page: 2   Date Filed: 06/20/2019
Case 1:18-cv-00002-LG-RHW   Document 88   Filed 06/20/19   Page 2 of 2

No. 18-60855

complaint pursuant to Federal Rule of Civil Procedure 37(b) for failure to comply with discovery orders, and she appeals.

A district court has discretion in selecting the sanction to be imposed for a party's disregard of its orders. *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). We review a district court's sanctions under Rule 37(b) for abuse of discretion, our review being "particularly scrupulous" in this case because the court imposed the severest possible sanction. *See id.* (quoting *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976)).

Even under this heightened standard, the district court did not abuse its discretion by dismissing the complaint with prejudice under Rule 37(b)(2)(C). The record is replete with Bivins's willful refusal to comply with discovery orders, though the district court gave her multiple chances to do so and issued a warning that she would be subject to sanctions, including dismissal, if she continued to disregard her discovery obligations. Bivins has brought at least two other pro se lawsuits, one in which we affirmed the district court's Rule 37 dismissal for this very behavior. *See Bivins v. Miss. Press Register, Inc.*, 72 F. App'x 166, 167 (5th Cir. 2003) (affirming dismissal under Rule 37 for Bivins's failure to comply with discovery orders); *see also Bivins v. Miss. Reg'l Hous. Auth. VIII,* 636 F. App'x 237 (5th Cir. 2016). Moreover, Bivins does not argue that she misunderstood the orders. She instead argues that she was not required to comply with the orders because doing so would violate her constitutional right to privacy and accuses the court of manipulating the records to favor MRHA. The sanction in this case was warranted. *See Brinkmann*, 813 F.2d at 749.

The judgment of the district court is AFFIRMED.